289 So.2d 725 (1974)
Wayne R. JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 40339.
Supreme Court of Florida.
February 6, 1974.
*726 Warren M. Goodrich of Goodrich & Hampton Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for appellee.
ADKINS, Justice.
This is a direct appeal from a judgment adjudging defendant guilty of murder in the first degree and a sentence of death. After the appeal was filed, the sentence of death was changed to that of life imprisonment. Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 36 L.Ed.2d 346 (1972); Anderson v. State, 267 So.2d 8 (Fla. 1972); In Re Bernard R. Baker, 267 So.2d 331 (Fla. 1972). We have jurisdiction.
In view of reversible error appearing in the record, we dispense with oral argument.
The defendant entered a plea of not guilty by reason of insanity, and in support thereof, proffered the testimony of a psychologist and two psychiatrists, one of which was appointed by the Court. Each testified that he had examined the defendant, elicited a history from him, and taken this into consideration in forming an opinion as to the defendant's insanity at the time of the alleged act. The State contended the testimony was inadmissible because defendant had not yet taken the stand in his own defense and testified to the matters communicated in the history given to the examining physicians. The State set forth its position as follows:
"It is our position any reliance upon anything that the defendant may have told anyone other than a treating physician is not admissible, but only if the defendant himself has testified to those matters previously before this Court... ."
The psychologist gave defendant certain psychological tests and stated that the "major and substantial basis" of his opinion came from the test material rather than from the "minimal historical information" that he received from the defendant, but that it was not possible to evaluate the psychological nature of a person without some background. He was not allowed to testify as to his opinion.
One psychiatrist testified that he examined defendant and elicited a history from him and that his primary diagnosis was based upon that history and interview. The psychiatrist said he could not tell anything about a man's sanity without using what the defendant said to him in such an interview. He further said that the truth or falsity of what the person under the examination might say was not conclusive as to his opinion. The psychiatrist evaluated what the patient said. The State objected to the testimony of this psychiatrist until the proper predicate was laid, that is, until the defendant had testified. The Court stated that the defendant would have to lay some basis for the psychiatrist's *727 testimony by testifying himself. Otherwise, the psychiatrist could not give his opinion.
The defendant proffered that if allowed to testify, this psychiatrist would give an opinion that at the time of the alleged offense the defendant did not know right from wrong or the consequences of his act. The defendant then proffered that the court-appointed psychiatrist would make the same finding and then announced that, under protest, the defendant would take the stand because of the rulings of the Court to the effect that the testimony of experts would not be received unless the defendant had first testified. The effect of the Court's exclusionary ruling was to require the defendant, against his will, to take the stand before allowing him to introduce expert testimony as to his defense of insanity.
A qualified expert may testify to his opinion concerning the defendant's mental condition based either upon
(1) personal examination of the defendant made by the witness, or
(2) the testimony in the case, if he has been in court and heard it all.
(3) He may also give his opinion upon hypothetical questions propounded by counsel. Mental Disorder as a Criminal Defense, by Weihofen (1954), Ch. VI, § 1, at 277.
It is not necessary that the expert state the detailed circumstances of the examination before giving his finding. The facts and symptoms which he observed, and on which he bases his opinion, may be brought out on cross-examination. A psychiatrist should and must talk freely with the defendant and the results of such an interview becomes a part of the psychiatrist's opinion. The psychiatrist is not interested in whether the defendant's statements to him are true or are false. He merely evaluates the statements made by the defendant during the course of the interview. As stated in Wharton's Criminal Evidence, by Torcia (13th ed. 1972), Vol. 2, § 312, at 111-112:
"In general, a statement by an injured or diseased person to a physician as to past matters, although not admissible as evidence of the truth of the facts stated, may be included in the physician's testimony to show the basis for his opinion. Thus, in a prosecution for murder, defended on the ground of insanity, a statement made by the defendant to a physician as to the cause of the killing, offered for the purpose of producing all the facts upon which the physician based his opinion as to the defendant's insanity, was admissible. Similarly, in a prosecution for murder, in which it was claimed that the defendant was suffering from a tumor upon the brain which caused her to become `insane' upon any great excitement, her physician was permitted to testify to a statement by her as to her past suffering and condition, when such statement constituted, at least in part, the basis for his opinion as to the nature of her disease, and was declared by him to be necessary to enable him to form his opinion."
The following is found in Underhill's Criminal Evidence, by Herrick (Fifth Ed. 1956), Vol. 2, § 460, at 1154-1155:
"The opinion of the nonexpert must be confined to the facts first stated by him. The opinion of the medical expert on insanity may be given without first stating what facts were found by him upon which he bases his opinion, but if such facts are called for, the jury is entitled to have them. Where the expert has made a physical examination he may be required to describe the facts and symptoms observed, as well as the conversation which he had with the defendant, but he cannot be allowed to narrate what the attendants said. It is not necessary that every question and answer put to an alleged insane person be stated in order to provide a foundation for expert testimony, but a casual observation of accused by a medical expert is not a proper *728 basis for expert opinion as to his insanity."
We were confronted with the question of whether a defendant should be required to answer questions posed to him by a court-appointed psychiatrist, in view of defendant's rights under the Fifth Amendment, United States Constitution, in Parkin v. State, 238 So.2d 817 (Fla. 1970). This Court held that the defendant should be required to answer such questions and said:
"The Court should prohibit the psychiatrist from testifying directly as to the facts surrounding the crime, where such facts have been elicited from the defendant during the course of a compulsory mental examination.
"In other words, the Court and the State should not in their inquiry go beyond eliciting the opinion of the expert as to sanity or insanity, and should not inquire as to information concerning the alleged offense provided by a defendant during his interview; however, if the defendant's counsel opens the inquiry to collateral issues, admissions or guilt, the State's redirect examination properly could inquire within the scope opened by the defense.
"This procedure makes available to the psychiatrist such information as he needs to form an opinion as to the ability of the defendant to tell right from wrong, without at the same time opening all information given during such psychiatric examination for use during trial unless it is opened by the defendant. This procedure also places the burden of proving guilt on the prosecution, without opportunity to require a defendant pleading insanity to incriminate himself as to guilt in attempting to establish insanity." (p. 820).
In other words, a defendant who pleads not guilty by reason of insanity must submit to questioning by the court-appointed psychiatrist. If the psychiatrist found the defendant sane, the State could call the psychiatrist as a witness and elicit from him his opinion as to the sanity of the defendant, so long as the questions did not elicit from the psychiatrist what the defendant had told him about the alleged attempt. On the other hand, if the ruling of the lower court in the instant case were to be followed, the defendant would not have the corresponding right to call the psychiatrist if his opinion were that the defendant was insane at the time of the alleged act unless the defendant waived his rights under the United States Constitution, Fifth Amendment, and repeated the colloquy with the psychiatrist from the stand. This result is untenable.
In McMunn v. State, 264 So.2d 868 (Fla. App.1st, 1972), it was held reversible error to permit the State to question a court-appointed psychiatrist as to incriminating statements made by a defendant during the course of an examination.
The court below should have allowed the psychiatrists to testify as to their opinions without relating what the defendant told concerning the alleged facts of the case. If, through the use of hypothetical questions or other questions on cross-examinations, such facts should be elicited from the psychiatrists, the jury should be given an instruction in accordance with the following rule found in Parkin v. State, supra:
"Psychiatric examinations are greatly dependant upon testimonial utterances of the person examined. However, any statements obtained from the patient by the doctor are used as evidence of mental condition only, and not as evidence of the factual truth which may be contained in them." 238 So.2d 817, 822.
The State relies upon the decision of Cirack v. State, 201 So.2d 706 (Fla. 1967). However, in the Cirack case, the opinion of the psychiatrist went only to prove the defense of voluntary intoxication, not insanity. His opinion was that defendant's judgment and ability to distinguish between right and wrong was impaired by too much alcohol and too little food. The question before the Court was whether the psychiatrist could furnish the basis for his testimony *729 and opinion by testifying to the self-serving declarations of the defendant from which he concluded that defendant had consumed about a fifth of whiskey per day for three days and eaten only "nick-nacks." The Court held that his opinion was based upon these factual matters and that the evidence as to the amount of whiskey consumed and the amount of food which was eaten constituted hearsay. In view of the expressed declaration of the Court that Cirack v. State, supra, "dealt not with insanity but voluntary intoxication," the case is not in conflict with this decision.
Unless a person is a raving maniac or complete imbecile, a jury can hardly be deemed competent to reach a satisfactory decision on the question of his mental condition without the aid of expert witnesses. It is accordingly well settled that the opinions of psychiatrists are admissible in evidence on an issue of sanity or insanity. Such opinions may be drawn
(1) from the evidential facts placed before the expert witness in a hypothetical question or based upon the testimony given in the case to establish the sanity or insanity of the person in question, upon the hypothesis that such testimony is all true, even though he made no personal examinations and knew nothing of the actual facts; or
(2) upon symptoms and circumstances observed by the witness and testimony in the case, if he has been in Court and heard it all; or
(3) upon examination made of the person whose condition is in question. However, the expert cannot give an opinion as to sanity or insanity based upon the opinion or belief of others or based upon statements of third persons out of court. Land v. State, 156 So.2d 8 (Fla. 1963); 31 Am.Jur.2d, Expert and Opinion Evidence, § 86.
Unless a psychiatrist be allowed to testify basing his opinion on subjective symptoms, then, in most cases, the jury will be denied expert opinion on a very complicated problem. A psychiatrist is required to investigate the behavior and thought of a patient and to depend a great deal upon what the patient says, how the patient says it, how the patient reacts to other people, and what occurred in the past and present. In order to use the expert opinion of a psychiatrist, a defendant should not be required, as a predicate, to take the stand and abridge his constitutional right against self-incrimination.
The judgment and sentence of the lower court is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.
It is so ordered.
CARLTON, C.J., and BOYD, McCAIN and DEKLE, JJ., concur.