294 So.2d 663 (1974)
James Wesley ROSS, Appellant,
v.
STATE of Florida, Appellee.
No. 72-438.
District Court of Appeal of Florida, Second District.
May 10, 1974.
Rehearing Denied June 14, 1974.
James A. Gardner, Public Defender, and E. Earl Taylor, Jr., Asst. Public Defender, and Durand James Adams, Legal Intern, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard C. Booth, Asst. Atty. Gen., Tampa, for appellee.
MANN, Chief Judge.
Earlier[1] we determined that Ross was denied due process in his appeal to this court in that his appointed counsel had failed to argue a question, as Anders v. California[2] requires. We asked the parties to brief the question whether testimony of a psychiatrist was erroneously excluded at Ross's trial because he acknowledged having based his opinion in part on personal history related by Ross. Since our earlier opinion the Supreme Court of Florida has decided this precise question in Jones v. State.[3] We asked counsel to explain why Jones did not govern this case. No reason is shown, and accordingly we reverse and remand for a new trial.
The State responds that Jones was not intended to apply retroactively. This reasoning is fallacious. We have the matter before us now as if it were on direct appeal. We are considering the question as we would have considered it if the constitutional duty of appointed counsel had been respected in the beginning. In deciding Jones the Supreme Court did not alter any existing pattern of the law and certainly did not presume to act in a legislative capacity. Therefore everything that the State's memorandum says is irrelevant to the question before us. That question having been answered by our Supreme Court we are obligated to mandate a new trial for Ross.
On reflection, it is obvious, as Wigmore long ago pointed out, in sections of his treatise cited in our earlier opinion, that a physician cannot diagnose his patient's ills without communicating with him. The best available mechanism for testing *664 whether the defendant has misled the psychiatrist is intensive cross examination. To require the defendant himself to take the stand and testify to facts which were told to the psychiatrist raises obvious problems with the Fifth Amendment, not to mention questions of admissibility on general principles of the law of evidence.
Reversed and remanded for a new trial.
HOBSON and GRIMES, JJ., concur.
NOTES
[1] Ross v. State, Fla.App.2d 1973, 287 So.2d 372.
[2] 1967, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493.
[3] Fla. 1974, 289 So.2d 725.