BOARDMAN, Judge.
Appellant/defendant, Milton Simonds, was charged with, and after trial by jury, convicted of rape, kidnapping, robbery and entering without breaking with intent to commit a felony. Appellant had pled not guilty and not guilty by reason of insanity to the said offenses. During the trial, the court allowed the state to examine, outside the presence of the jury, two psychiatrists who had been subpoenaed as defense witnesses. One psychiatrist could not give an opinion of appellant’s sanity at the time of the commission of the alleged offenses. The second psychiatrist testified that the appellant was insane at the time the crimes were allegedly committed and that he suffered some brain damage. After hearing argument of respective counsel for the parties, the trial court sustained the state’s objection to the introduction of the physicians’ testimony for the appellant. The ruling precluded the appellant from introducing and the jury from considering their opinion as to the sanity or insanity of the appellant. We point out that the appellant did take the witness stand and testify in his own behalf during the trial. He testified, inter alia, to the facts which formed the basis of the physicians’ opinions.
The court has granted appellant’s motions to reinstate three previously dismissed appeals pursuant to Baggett v. Wainwright, Fla.1969, 229 So.2d 239, and consolidated the appeals. The principal issue presented to us here and upon which we decide the case is whether the trial court erred in excluding the testimony of the two psychiatrists the appellant attempted to call as defense witnesses. We answer this issue in the affirmative and hold that the law pronounced in Jones v. State, Fla.1974, 289 So.2d 725, is controlling here. The supreme court in Jones, supra, held that the psychiatrist should have been allowed to testify as to his opinion, notwithstanding that the defendant did not testify in his own behalf. As the court stated in Jones, supra:
Unless a person is a raving maniac or complete imbecile, a jury can hardly be deemed competent to reach a satisfactory decision on the question of his mental condition without the aid of expert wit *526 nesses. It is accordingly well settled that the opinions of psychiatrists are admissible in evidence on an issue of sanity or insanity. . . . (289 So.2d 725, 729).
Here the appellant was denied the opportunity of presenting expert testimony as to the defense of insanity. As this court noted in Ross v. State, Fla.App. 1974, 294 So.2d 663, the best available mechanism for testing whether defendant misled the psychiatrist is intensive cross-examination.
We have considered the several other points raised by appellant, including the contention that he should have been discharged under the Speedy Trial Rule[1], and find them to be without merit.
For the reasons stated, the judgments and sentences are reversed and the case remanded for a new trial consistent with this opinion.

. CrPR 3.191(d) (3).