McNULTY, Chief Judge.
Appellant appeals from his conviction, after jury trial, of the crime of rape and *49 ensuing life sentence. He alleges that the trial court erred in excluding the testimony of Dr. Richard Meadows, a psychiatrist. We agree and reverse.
Appellant’s chief defense was that he was insane at the time of the offense. When appellant sought to present Dr. Meadows as his first witness, the state, relying on Cirack v. State,[1] moved to prevent his testimony on the grounds that it was based .upon hearsay from various sources including the appellant. A proffer was made in which Dr. Meadows testified that he had formed an opinion as to appellant’s sanity at the time of the offense, viz., that appellant was legally insane. His opinion was based in large part on a conversation with the appellant in which the latter related his personal history and gave an account of the rape. Dr. Meadows stated that it was unnecessary that he believe what appellant told him, but he did consider appellant’s account of the rape insofar as his description of it reflected his state of mind. The trial court refused to permit Dr. Meadows to testify.
The court did allow a Dr. Ron Knaus to testify, however, and his opinion was that appellant could not distinguish right from wrong at the time of the offense. Two other psychiatrists testified for the state. They agreed that appellant suffered from schizophrenia but was able to distinguish between right and wrong at the time of the offense. So without Dr. Meadows, appellant was on the short end of a two on one situation; obviously to his prejudice.
The state relies here, as it did below, on Cirack v. State, supra. In that case a psychiatrist’s opinion that the defendant was insane at the time of the offense, which opinion was based upon his assumption that the defendant was truthful when he told the doctor that he had been drinking for three days while eating only snacks, was excluded. In its ruling, the trial court in that case said that the doctor’s opinion must be based upon his tests, examinations, and observations, and “not on the factual matters stated by the defendant to you, which are not in evidence and which you assumed to be true.” In affirming, the Supreme Court held that under the circumstances the ruling was correct since the opinion was based on the unsupported factual assumption that the' defendant actually consumed the alleged quantities of alcohol.
But here, Dr. Meadows stated that his opinion was not dependent upon the truth or falsity of the account given by the defendant. His evaluation was based on the actions, demeanor and manner of recollection of the appellant. This alone materially distinguishes this case from Cirack, supra; so it is unnecessary to consider the continued viability of Cirack in light of Jones v. State[2] wherein the Supreme Court reversed the lower court’s exclusion of psychiatric testimony under circumstances very similar to those here.
In view of the necessity for a new trial we need not consider appellant’s other point on appeal. However, alluding thereto, we do note that once hearsay evidence is admitted without objection there does not appear to be any reason why it cannot be considered as part of a hypothetical question propounded to an expert witness.
In view whereof, the judgment and sentence appealed from is reversed and the appellant is awarded a new trial.
Reversed.
BOARDMAN and GRIMES, JJ., concur.

. (Fla.1967), 201 So.2d 706.

. (Fla.1974), 289 So.2d 725.