336 So.2d 713 (1976)
STATE of Florida, by and through the Office of the State Attorney for the Twentieth Judicial Circuit, Petitioner,
v.
John Patrick McNALLY, Respondent.
No. 75-1131.
District Court of Appeal of Florida, Second District.
September 1, 1976.
*714 Joseph P. D'Alessandro, State Atty., and Louis S. St. Laurent and Dennis Hedge, Asst. State Attys., Fort Myers, for petitioner.
Frank C. Alderman, III, of Alderman & Wallace, Fort Myers, for respondent.
PER CURIAM.
The state contends the trial court erred in denying its motion to strike the evidence of insanity which respondent McNally intends to introduce at trial. We disagree and deny certiorari.
McNally was charged with four counts of manslaughter, two pursuant to Fla. Stat. § 782.07 (manslaughter by culpable negligence), and two pursuant to Fla. Stat. § 860.01 (manslaughter by driving an automobile while intoxicated). McNally notified the state of his intention to rely on the defense of insanity and filed a statement of particulars consisting of reports of experts who had examined him for the purpose of testifying on this issue. The reports generally showed McNally to be an alcoholic who was most likely suffering a blackout at the time the deaths occurred. The state filed its motion to strike the evidence on the grounds that it did not constitute a legal defense to the crime of manslaughter as charged. Upon denial of the motion to strike, the State filed this petition for a writ of certiorari.
The availability of intoxication as a defense to a crime is set forth in Cirack v. State, Fla. 1967, 201 So.2d 706, where the court said at p. 709:
"Although the opinion of Dr. Estes appears to have been treated as dealing with the sanity of Cirack it obviously did not. The doctor stated in his report and on examination outside the presence of the jury that he found no evidence of a psychosis, mental disease or disorder of the mind in Cirack. His opinion held merely that Cirack's judgment and ability to distinguish between right and wrong was impaired by too much alcohol and too little food. The law recognizes insanity super-induced by the long and continued use of intoxicants so as to produce `a fixed and settled frenzy or insanity either permanent or intermittent.' Garner v. State, 1891, 28 Fla. 113, 9 So. 835; Cochran v. State, 1913, 65 Fla. 91, 61 So. 187; and Britts v. State, 1947, 158 Fla. 839, 30 So.2d 363. This condition was not found in Cirack.

"Dr. Estes opinion could only go to proving the defense of voluntary intoxication, not insanity. While not a complete defense, voluntary intoxication is available to negative specific intent, such as the element of premeditation essential in first degree murder. Garner v. State, supra."
Before this court, the respondent McNally essentially makes three contentions. First, he contends that the crime he was charged with required a specific intent and *715 voluntary intoxication would be a defense. Second, he claims that since he was an alcoholic, his intoxication was therefore not "voluntary." Third, he claims that the psychiatrists will be able to testify to the type of fixed and settled frenzy or insanity which will constitute a defense under the rule of law enunciated in Cirack above. We categorically reject the first two contentions; however, we hold that the psychiatrist's reports before the trial court did not, as a matter of law, conclusively rule out the third possibility. We, therefore, decline to issue the writ.
First, McNally cites no authority for his contention that the crimes for which he was charged require a special intent, i.e., the intent to drive while intoxicated, so that voluntary intoxication which negates that intent would be a defense. Common sense indicates otherwise, for to allow that defense would in effect completely nullify the effect of the statute. At 7 Am.Jur.2d, Automobiles § 280, it is said at p. 828:
"In any event, in accordance with the general rule that voluntary drunkenness is not a defense to crime, one cannot, on the ground that he was so intoxicated that he did not appreciate his condition or the dangers that might arise therefrom, avoid criminal liability for a homicide committed in driving a motor vehicle while intoxicated."
Second, McNally argues, but cites no authority, for the proposition that alcoholism in itself is enough to render intoxication "involuntary." In the annotation at 8 A.L.R.3d 1236, Modern Status of the Rules as to Voluntary Intoxication as Defense to Criminal Charge, it is said at p. 1239:
"... the decisions indicate that it is only where the alcohol is introduced into the accused's system by force majeure that the intoxication would be regarded as involuntary for the purposes of the application of these rules."
A footnote to this passage indicates that cases presenting instances of involuntary intoxication are "simply and completely nonexistent." We agree. Therefore we reject McNally's second contention.
Turning to the respondent McNally's third contention, we note that the State's position does have some merit; however, we must reject the State's petition. We have reviewed the reports of the four medical experts, Drs. Wiseman, Bourne, Haber, and Alford. Generally, these reports indicate the absence of any mental condition that would constitute a defense under Cirack, supra. One psychiatrist, Dr. Wiseman, even indicated "There was no evidence of psychotic thought process and he was entirely oriented in time, place and person." Another psychiatrist, Dr. Haber, while noting "that there were no symptoms or signs of mental deficit, organic brain syndrome or psychosis," referred to a previous head injury and did indicate the data concerning McNally was consistent with the diagnosis of "Alcoholic Pathological Intoxication in a depressive neurotic individual cognizant of previous alcoholic induced episodes of amnesia." Concluding that cognition and perception were impaired during McNally's intoxication, this psychiatrist made a qualified opinion that McNally was "insane" at the time of the alleged offense. From this report we cannot conclude the testimony of this psychiatrist would be legally sufficient to show that McNally has a "fixed and settled frenzy or insanity either permanent or intermittent" required under Cirack, supra. But on basis of the report, we cannot say as a matter of law that this psychiatrist's testimony may not be sufficient.
Surely, the Cirack test must contemplate a mental disease or disorder which manifests itself intermittently or permanently irrespective of consumption of alcohol. Otherwise any individual diagnosed as an alcoholic would be able to assert the defense of insanity on that basis alone. We rejected that concept in appellant's second contention.
*716 We have under other circumstances upheld a pre-trial exclusion of expert testimony, Nelson v. State, Fla.App.2d 1975, 319 So.2d 154. But such a motion in a criminal case must be viewed with great caution and any doubts must be resolved in favor of the accused. Here, we are reviewing only reports without the benefit of testimony directed to the issue of insanity. We cannot now say there would not be sufficient evidence for a jury to conclude that McNally has "a fixed and settled frenzy or insanity either permanent or intermittent," so as to relieve him of consequences of an act otherwise criminal. Accordingly, we are unwilling at this time to say that McNally should be precluded from presenting evidence on his defense of insanity.
Certiorari denied.
HOBSON, Acting C.J., and GRIMES and SCHEB, JJ., concur.