453 So.2d 505 (1984)
Jeffrey Conrad SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 83-829.
District Court of Appeal of Florida, Fourth District.
August 1, 1984.
Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
*506 Jim Smith, Atty. Gen., Tallahassee, and Richard G. Bartmon, Asst. Atty. Gen., West Palm Beach, for appellee.
HERSEY, Judge.
Jeffrey Conrad Smith, convicted of first degree felony murder and attempted robbery, raises three issues for our consideration.
We find, preliminarily, that appellant's position with regard to the trial court's refusal to suppress an incriminatory statement, is devoid of merit.
Appellant next complains of contact between the trial court and the jury out of the presence of appellant. Shortly after the jury began its deliberations, it requested of the trial court that it be given the penalties for lesser included offenses. After conferring with the prosecutor and defense counsel, the latter specifically waiving the presence of appellant, then absent, the trial court denied the jury's request. Subsequently, and at a time when appellant was present in the courtroom, the request was repeated and again denied. The issue is whether the initial contact constitutes reversible error per se.
The Sixth and Fourteenth Amendments to the United States Constitution guarantee a criminal defendant the right to be present during crucial stages of his trial, Illinois v. Allen, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970), or "at the stages of his trial where fundamental fairness might be thwarted by his absence." Francis v. State, 413 So.2d 1175, 1177 (Fla. 1982). Rule 3.180(a)(5), Florida Rules of Criminal Procedure, provides that in all criminal prosecutions the defendant shall be present at all proceedings before the court when the jury is present. An exception to the rule is permitted where the criminal defendant in contemplation of law has voluntarily absented himself from the proceedings. Fla.R.Crim.P. 3.180(b). However, constructive presence satisfies the constitutional requirement where
a defendant is absent but is represented by counsel to whom he has not objected, who waives objection to the defendant's absence, [in which case] actual or constructive knowledge of the proceedings may be imputed to the defendant. Recognizing the possibilities of abuse of this doctrine, its application has been, and should be, limited to those cases in which the defendant, upon his reappearance at his trial, acquiesces in or ratifies the actions taken by his counsel during his absence.
State v. Melendez, 244 So.2d 137, 139 (Fla. 1971).
It is now well established that proceeding with trial in the absence of the criminal defendant who is neither constructively present nor has voluntarily absented himself constitutes per se reversible error under most circumstances. The rationale is that:
Any communication with the jury outside the presence of the prosecutor, the defendant, and defendant's counsel is so fraught with potential prejudice that it cannot be considered harmless.
Ivory v. State, 351 So.2d 26, 28 (Fla. 1977). Error of this category has never been considered harmless where the criminal defendant is absent during proceedings contemplated by Rule 3.410, Florida Rules of Criminal Procedure, which provides:
After the jurors have retired to consider their verdict, if they request additional instructions or to have any testimony read to them they shall be conducted into the courtroom by the officer who has them in charge and the court may give them such additional instructions or may order such testimony read to them. Such instructions shall be given and such testimony read only after notice to the prosecuting attorney and to counsel for the defendant.
See Ivory, 351 So.2d at 28.
During appellant's absence the request made of the trial court by the jury was to be advised of the penalties attendant upon lesser included offenses. This is not within the purview of Rule 3.410. If there was error, we find it to have been harmless. Hitchcock v. State, 413 So.2d 741 *507 (Fla.), cert. denied, 459 U.S. 960, 103 S.Ct. 274, 74 L.Ed.2d 213 (1982). And see Turner v. State, 431 So.2d 328 (Fla. 3d DCA), pet. for rev. denied, 438 So.2d 834 (Fla. 1983) and Rose v. State, 425 So.2d 521 (Fla. 1982), pet. for rev. denied, ___ U.S. ___, 103 S.Ct. 1883, 76 L.Ed.2d 812 (1983).
As we have previously noted, a similar request for the penalties was later made and denied in the presence of appellant. It is our considered judgment (not necessary to our holding here, however) that this constituted a waiver by appellant of his previous absence (or cured any error when he failed to object to the course of action followed by the trial court, implying that he would not have objected or taken other action had he been present upon consideration of the initial inquiry).
Appellant also correctly argues that he may not be convicted of felony murder and the underlying (or predicate) felony as well. Bell v. State, 437 So.2d 1057 (Fla. 1983); Jones v. State, 452 So.2d 643 (Fla. 4th DCA 1984).
We reverse the conviction for attempted robbery on the basis of Bell; in all other respects we affirm.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
GLICKSTEIN and DELL, JJ., concur.