WARNER, Judge.
This is an appeal from a conviction for first degree murder and robbery and sentence to life imprisonment with a 25-year mandatory minimum prison term. Appellant claims that the trial court erred in denying his special requested instruction on the effect of habitual use of intoxicants. On this point we reverse.
At trial one defense of appellant to the charges against him was that he was insane as a result of excessive use of alcohol coupled with organic brain damage. The appellant requested a charge based on Cirack v. State, 201 So.2d 706 (Fla.1967). Specifically, the appellant desired the court to include in the general charge on insanity a charge that excessive and continuous use of intoxicants can induce insanity. While the state claims that this was not preserved, our reading of the record reveals a specific request was brought to the attention of the trial court and the trial court refused to incorporate it. That is sufficient to preserve this issue for appeal. State v. Heathcoat, 442 So.2d 955 (Fla.1983). As to the merits of the issue, we have held that the denial of a similar request for a Cirack charge was reversible error in Savino v. State, 555 So.2d 1237 (Fla. 4th DCA 1989); see also State Attorney for Twentieth Circuit v. McNally, 336 So.2d 713 (Fla. 2d DCA 1976). Likewise, considering the expert testimony in this case, it was reversible error to fail to instruct in accordance with Cirack in this case.
The second issue raised which will affect retrial is whether the trial court erred in failing to suppress appellant’s taped statement. In the lower court the appellant argued that the statement was not voluntary based on the totality of the circumstances, including claims of police overreaching coupled with appellant’s mental state. The trial court’s ruling on volun-tariness comes to this court clothed with the presumption of correctness. DeConingh v. State, 433 So.2d 501 (Fla.1983), and we should not substitute our judgment for that of the trial court especially in a case such as this with conflicting expert opinions regarding the mental state of appellant. Therefore, we find no error in the trial court’s ruling. We do not address other Miranda violations which appellant suggests may appear in the statement because these arguments were not made to the trial court, as appellant’s brief concedes.
As to the remaining issue raised, we find no error in the introduction of the photographs of the crime scene and the victim. Bauldree v. State, 284 So.2d 196 (Fla.1973).
Affirmed in part; reversed in part and remanded for a new trial.
DELL and STONE, JJ., concur.