*957 SUBSTITUTED OPINION
NESBITT, Judge.
Defendant appeals his convictions for attempted second degree murder, armed burglary, and possession of a firearm during the commission of a felony. We affirm all. the convictions except that for possession of a firearm.
Defendant presented an insanity defense at trial. On appeal he raises a number of instances where he contends that prosecutorial misconduct unfairly impinged on his privilege against self-incrimination and his right to a fair trial. In brief, we find no evidence requiring reversal. Specifically, the police officer’s testimony that only the defendant could answer the question as to whether he intended to aim the gun at the officers was invited error in response to defense counsel’s questioning.
We do, nonetheless, detail why the trial court’s decision to permit introduction of defendant’s prior convictions was not reversible error.
At trial, the state contended that the defendant was sane at the time of the acts and knew the nature and quality of his actions. By way of defense the defendant asserted a claim of insanity as set forth by his three expert witnesses, psychologists all. Their combined testimony was that Curtis was a schizophrenic whose criminal episode was not the result of his free will, but rather was the result of a psychotic episode brought on principally by the defendant’s excessive use of drugs and alcohol on the night of the crimes. The state’s expert witnesses disputed these opinions and testified that Curtis was not schizophrenic, but was a substance abuser. Their testimony was that the defendant told them he was intoxicated by drugs and alcohol when he committed the crimes.[1] Thus, the defendant’s alleged intoxication on the night in question was a critical feature of the case.
The rule in Florida is that voluntary intoxication cannot be the basis for an insanity defense. See Cirack v. State, 201 So.2d 706 (Fla.1967). In this case, defense counsel’s argument can be viewed as a combination insanity/voluntary intoxication defense, i.e., Curtis had an underlying mental disorder, and his excessive consumption of alcohol and drugs on the night in question triggered the underlying condition and produced a psychotic episode.
In presenting this defense, the defendant chose not to testify in his own behalf. All the evidence relevant to his defense was presented through the defendant’s expert witnesses and father. In Florida, a defendant who claims that he is not guilty by reason of insanity can be required to submit to a compulsory mental examination in which he must answer the questions posed to him by the court-appointed psychiatrist. Jones v. State, 289 So.2d 725 (Fla.1974). The court-appointed psychiatrist may thereafter be offered as a witness in the state’s case, but the court must “ ‘prohibit the psychiatrist from testifying directly as to the facts surrounding the crime, where such facts have been elicited from the defendant during the course of a compulsory mental examination.’ ” Id. at 728 (quoting Parkin v. State, 238 So.2d 817, 820 (Fla.1970), cert. denied, 401 U.S. 974, 91 S.Ct. 1189, 28 L.Ed.2d 322 (1971)). If on cross-examination the “ ‘defendant’s counsel opens the inquiry to collateral issues, admissions or guilt, the state’s redirect examination properly could inquire within the scope opened by the defense.’ ” Id. Likewise, if the defendant offers a psychiatrist during his case, and the defendant elicits testimony from his own expert about the alleged offense which the defendant provided during interview, then defendant has “opened the door,” and the state may explore those areas in cross-examination. In either instance, where such facts are elicited from the psychiatrist, the jury is to be given a cautionary instruction to the effect that such “ ‘statements obtained *958 from the patient by the doctor are used as evidence of mental condition only, and not as evidence of the factual truth which may be contained in them.’ ” Id. However, when the defense is voluntary intoxication, an incomplete defense available to negate specific intent, experts have been precluded from rendering an opinion as to the defendant’s mental state when the expert is relying solely on the defendant’s self-serving statements. Cirack, 201 So.2d at 709; Johnson v. State, 478 So.2d 885 (Fla. 3d DCA 1985), cause dismissed, 488 So.2d 830 (Fla.1986).[2]
In the case before us, at the outset of trial proceedings, the prosecutor moved in limine to preclude defendant’s expert witnesses from testifying to “any self-serving statements by the defendant made to them concerning his state of intoxication at the time of the offense.” The prosecutor moved in the alternative to permit the state to attack the credibility of the defendant’s statements to the doctors if the expert testimony were to be permitted. The court ultimately granted the motion to impeach the defendant's statements to the doctors, and Curtis’s conviction record was introduced into evidence at the opening of the state’s rebuttal case. This was error.
The record shows there was independent evidence to support the defendant’s claim of intoxication. This evidence supplied a satisfactory predicate for the opinions of the experts. At trial, it was the state, not the defense, which brought out details of the defendant’s statements to the psychiatrists regarding the circumstances of the criminal activity. Having done so, the state could not then use that same psychiatric testimony as the basis to introduce evidence of convictions which would not have otherwise been admissible.
Although the evidence of convictions should not have been admitted, the error was harmless. There was considerable testimony about the defendant’s long history of difficulty with the law, all of which came in without objection. Under the circumstances, the error in admitting evidence of convictions was harmless.
Accordingly, because there was no prose-cutorial misconduct or other error which denied the defendant a fair trial, we affirm all the convictions except that for possession of a firearm during the commission of a felony which the state concedes was improper. Carawan v. State, 515 So.2d 161 (Fla.1987).
Affirmed in part, reversed in part, and remanded.
COPE, J., concurs.

. It is relevant to point out that evidence of long-term substance abuse does not prove insanity. In fact, alcoholism or drug addiction does not render intoxication involuntary and thus neither is grounds for an insanity defense. See State Attorney for Twentieth Judicial Circuit v. McNally, 336 So.2d 713 (Fla. 2d DCA 1976).

. The concepts of individual responsibility and the need to protect society from harm must be considered when voluntary intoxication is a major factor in an insanity defense. A number of courts in other states have held that temporary insanity caused by the interaction of a preexisting mental disorder with intoxicants voluntarily consumed is not a defense to criminal conduct unless the resulting insanity persists after the immediate effects of the intoxicants have worn off. See, e.g. Evans v. State, 645 P.2d 155, 160 (Alaska 1982); People v. Kelly, 10 Cal.3d 565, 111 Cal.Rptr. 171, 516 P.2d 875 (1973); State v. Maik, 60 N.J. 203, 287 A.2d 715 (1972). See also State v. Kolisnitschenko, 84 Wis.2d 492, 267 N.W.2d 321 (1978) (possibility of a psychosis being triggered by an event not within defendant’s control does not alter the fact that he had control over the drug consumption which in fact triggered the psychotic episode). Kane v. United States, 399 F.2d 730 (9th Cir.1968), cert. denied, 393 U.S. 1057, 89 S.Ct. 698, 21 L.Ed.2d 699 (1969) (alcoholic who knew that drinking caused him to black out, yet who voluntarily consumed liquor, could not be excused from criminal responsibility on the basis that he suffered from a mental illness).