620 So.2d 201 (1993)
Betty GETHERS, Appellant,
v.
STATE of Florida, Appellee.
No. 92-0930.
District Court of Appeal of Florida, Fourth District.
May 26, 1993.
Rehearing and Certification Denied July 20, 1993.
Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellant.
*202 Robert A. Butterworth, Atty. Gen., Tallahassee, and Dawn S. Wynn, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
AFFIRMED. A jury acquitted the appellant of armed burglary but found her guilty of aggravated assault with a firearm. Of the six issues raised by appellant, we find no reversible error but believe two merit discussion. They both involve the court's decision to allow a police officer to testify to a statement, made by appellant but previously undisclosed to the defense, in which she told the officer that she had approached the victim to scare her, but not to hurt her. At trial, the state asked the court to conduct a hearing out of the presence of the jury to rule on the admissibility of the statement. The appellant contends the court erred in allowing her counsel to waive her presence during this hearing, and in subsequently admitting the testimony about the statement into evidence.
We agree with appellant that the court erred in not requiring her presence at the hearing, or in not securing a personal waiver from her of the right to be present. See Savino v. State, 555 So.2d 1237 (Fla. 4th DCA 1989), quashed on other grounds, 567 So.2d 892 (Fla. 1990). However, we conclude that under the circumstances the error was harmless. See Turner v. State, 530 So.2d 45, 49-50 (Fla. 1987), cert. denied, 489 U.S. 1040, 109 S.Ct. 1175, 103 L.Ed.2d 237 (1989). The appellant was present at the time the testimony of the officer was actually offered and received, and she had a full opportunity to consult with counsel or inform counsel of any concerns about the officer's testimony that could be addressed on cross-examination or otherwise utilized by counsel. In addition, the evidence against appellant was overwhelming and largely unrebutted, and included eyewitnesses as well as evidence of appellant's admission to other police officers of her participation in the incident. Finally, the defense strategy at trial was to emphasize that the gun involved was unloaded and to concede that the appellant had done something "stupid" in confronting her neighbor, but not something criminal. If anything, the statement in issue supported that strategy.
We also find no error in the trial court's admission of the officer's testimony as to appellant's statement. At the state's initiation, a hearing was conducted out of the presence of the jury and the circumstances of the discovery violation fully explored. See Richardson v. State, 246 So.2d 771 (Fla. 1971). The court considered and rejected appellant's claim of prejudice, and also offered appellant an opportunity to depose the police officer before the officer testified. Although we agree the statement should have been disclosed in discovery, we find no abuse of discretion in the trial court's decision to admit the statement after considering the relevant circumstances.
ANSTEAD, HERSEY and WARNER, JJ., concur.