683 So.2d 1129 (1996)
William Henry BRUNNER, Appellant,
v.
STATE of Florida, Appellee.
No. 95-3276.
District Court of Appeal of Florida, Fourth District.
December 11, 1996.
*1130 Richard L. Jorandby, Public Defender, and Joseph R. Chloupek, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Sharon A. Wood, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, Judge.
Appellant was convicted of first degree murder with a firearm, burglary with assault, shooting into an occupied vehicle, and aggravated stalking. We reverse and remand for a new trial because the court erred in refusing to instruct the jury on his defense of insanity produced by the long and continued use of an intoxicant such as alcohol or drugs.
Appellant's former wife was found dead in her car one morning, having been shot in the head. Appellant did not contest the fact that he had killed her, but claimed that it was the result of insanity caused by long-term alcohol and drug abuse combined with a medical condition called hyperthyroidism. He remembered confronting his wife, who had purchased a gun to protect herself from him as a result of his past behavior. The confrontation occurred while she was in her car, and she took the gun from her purse and threatened to kill him if he did not go away. He remembered pounding on the windshield and telling her to shoot him, as well as struggling for the gun. The next thing he knew he was standing in his mother's shower fully dressed, covered in blood and holding the gun.
An endocrinologist testified on behalf of the appellant that he suffered from a thyroid disorder known as Graves disease. Appellant's thyroid was about five times the normal size, and the disease was described as advanced and severe. Virtually all people afflicted with it have emotional problems. A psychiatrist testified that appellant was suffering from cocaine and alcohol addiction, hyperthyroidism, as well as numerous psychological problems when he committed the murder. A forensic psychologist testified that appellant was insane as a result of hyperthyroidism, border line personality disorder, and substance abuse.
Medical testimony indicated that one of the symptoms of appellant's condition is an inability to sleep normally. Appellant testified that he would get to sleep by drinking 36 to 48 beers a day until he passed out. He also used cocaine and marijuana.
*1131 The trial court refused to expand the standard insanity instruction with the following language requested by appellant:
Insanity may be produced by the use of intoxicants, such as alcohol. The law recognizes that the long and continued use of intoxicants may produce a fixed and settled frenzy or insanity either permanent or temporary.
The standard jury instruction on insanity contains a "note to judge," if drugs or alcohol are involved, to see Cirack v. State, 201 So.2d 706 (Fla.1967). Fla.Std.Jury Instr. (Crim.) page 38. The supreme court held in Cirack that "[t]he law recognizes insanity superinduced by the long and continued use of intoxicants so as to produce a `fixed and settled frenzy or insanity either permanent or intermittent'" Id. at 709.
Failure to give a requested jury instruction constitutes reversible error where (1) the requested instruction accurately states the law, (2) the facts in the case support the giving of the instruction, and (3) the instruction was necessary to allow the jury to properly resolve the issues in the case. Davis v. Charter Mortgage Co., 385 So.2d 1173, 1174 (Fla. 4th DCA 1980); Sotuyo v. Williams, 587 So.2d 612, 614 (Fla. 1st DCA 1991).
The fact that insanity can be induced by the use of intoxicants over a long period of time is not something which would necessarily be understood by jurors who have only been read the standard instruction on insanity. It is important, therefore, that the Cirack instruction be given, so that they will know that this is a legally recognized form of insanity.
In both Hewitt v. State, 575 So.2d 273 (Fla. 4th DCA 1991), and Savino v. State, 555 So.2d 1237, 1239 (Fla. 4th DCA 1989), quashed in part on other grounds, 567 So.2d 892 (1990), this court found reversible error where there was evidence to support a Cirack instruction, but the instruction was not given. The trial court's failure to give the instruction in this case requires a new trial.
Appellant also argues that the trial court erred in denying his motion to sever the count charging aggravated stalking. The state consolidated the aggravated stalking, which occurred on dates prior to the murder, with the other charges. This is authorized by rule 3.150(a), which provides:
Two or more offenses that are triable in the same court may be charged in the same indictment or information in a separate count for each offense, when the offenses, whether felonies or misdemeanors, or both, are based on the same act or transaction or on 2 or more connected acts or transactions.
For a joinder to be appropriate, the crimes must be linked "in some significant way." Ellis v. State, 622 So.2d 991, 1000 (Fla.1993). The fact that a substantial amount of time passes between the two crimes does not require severance. Id.
In Spencer v. State, 645 So.2d 377 (Fla. 1994), the defendant had beaten his wife two weeks prior to stabbing and beating her to death. Our supreme court found no error in trying the charges together, because the were causally related in that they arose from the same dispute. In addition, the first beating was relevant to the issue of premeditation. In the present case, the defendant's stalking activity was causally related to the murder charge as the murder charge arose from an incident of stalking turned violent. It was also relevant to the issue of his mental state at the time of the killing. Accordingly, we find no error on this point.
We reverse and remand for a new trial.
GROSS, J., and GERSTEN, CAROL R., Associate Judge, concur.