727 So.2d 1028 (1999)
Joseph J. CALANDRA, Petitioner,
v.
STATE of Florida, Respondent.
No. 98-3187.
District Court of Appeal of Florida, Fourth District.
February 17, 1999.
*1029 Joseph J. Calandra, Immokalee, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Ettie Feistmann, Assistant Attorney General, West Palm Beach, for respondent.
KLEIN, J.
Petitioner seeks a writ of habeas corpus claiming that his appellate counsel was ineffective for failing to raise as error on direct appeal the denial of his request for a jury instruction based on Cirack v. State, 201 So.2d 706 (Fla.1967). In Cirack our supreme court observed that "[t]he law recognizes insanity super-induced by the long and continued use of intoxicants so as to produce `a fixed and settled frenzy or insanity either permanent or intermittent.'" Id. at 709 (citations omitted). Petitioner, who was convicted of first degree murder, received the benefit of our standard jury instructions on insanity and voluntary intoxication defenses.[1] This appeal concerns only the special insanity instruction based on long-term use of intoxicants.
There was evidence in this case that petitioner had been a heavy drinker for the two years preceding the crime and that he drank heavily over the few days preceding the crime. A psychologist testified that the petitioner may have been legally insane at the time he first struck the victim, but that petitioner's methodical acts following the initial striking indicated that he was not legally insane. He further testified that there was no "long-term pattern that could easily be defined to perhaps rise to a standard of legal insanity" based on petitioner's history which included "sometimes extreme alcohol use." Four other experts testified, but none of them gave an opinion that would have justified an instruction based on Cirack. This case is thus distinguishable from Brunner v. State, 683 So.2d 1129 (Fla. 4th DCA 1996) in which there was expert testimony supporting a Cirack instruction.
The state argues that in the absence of any expert testimony to the effect that petitioner was insane as a result of the long and continued use of intoxicants, the trial court did not err in refusing to give a Cirack instruction. There was expert testimony in all of the cases holding that the failure to give a Cirack instruction was error. Brunner, 683 So.2d 1129; Savino v. State, 555 So.2d 1237 (Fla. 4th DCA 1989), aff'd on this ground, quashed in part on other grounds, 567 So.2d 892 (Fla.1990); Hewitt v. State, 575 So.2d 273 (Fla. 4th DCA 1991). It was held in Preston v. State, 444 So.2d 939 (Fla.1984) that the trial court did not err in denying a Cirack instruction based on defendant's argument that lay testimony supported his insanity defense.
Expert testimony is admissible where the disputed issue is beyond the ordinary understanding of the jury. Johnson v. State, 393 So.2d 1069 (Fla.1980) and cases cited therein. It is proper for an expert to testify as to the effect of a given quantity of an intoxicant on an accused. Gurganus v. State, 451 So.2d 817 (Fla.1984). Trial courts should:
admit expert testimony if the mental disease or defect is a diagnosis recognized by authorities generally accepted in medicine, psychiatry, or psychology. Further, the trial court should allow an opinion regarding the level of intoxication resulting from *1030 the combination of a given quantity of intoxicants and a recognized mental disease or defect if authorities, studies, and experiences which have general acceptance in medicine, psychiatry, psychology, or toxicology support the testimony that intoxicants and the mental disease or defect do combine to cause intoxication.
State v. Bias, 653 So.2d 380, 383 (Fla.1995).
We are persuaded by the above cases that whether a defendant is insane because of the long and continued use of intoxicants is not within the ordinary understanding of jurors, and that in the absence of expert testimony, a defendant would not be entitled to an instruction based on Cirack.[2] It follows that petitioner's appellate counsel was not ineffective for failing to raise that issue on direct appeal. The petition is therefore denied.
DELL and GUNTHER, JJ., concur.
NOTES
[1] Our standard jury instruction on insanity contains a "note to judge," if drugs or alcohol are involved, to see Cirack. Fla. Std. Jury Instr. (Crim) 38.
[2] Our conclusion that expert testimony is necessary does not mean that lay testimony regarding a person's mental condition is not admissible in a case involving an insanity defense. Rivers v. State, 458 So.2d 762, 765 (Fla.1984), receded from on other grounds, Gilliam v. State, 514 So.2d 1098 (Fla.1987)("witness who is not a medical expert can testify about a person's mental condition, provided the testimony is based upon personal knowledge or observation.")