980 So.2d 627 (2008)
Sherman W. BYRD, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-2069.
District Court of Appeal of Florida, Second District.
May 9, 2008.
*628 James Marion Moorman, Public Defender, and Sean K. Ahmed, Special Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Elba Caridad Martin, Assistant Attorney General, Tampa, for Appellee.
FULMER, Judge.
Sherman W. Byrd was charged by a three-count amended information with (1) aggravated battery of Tony Butler, occurring March 31, 2005; (2) aggravated stalking of Tony Butler, occurring March 31, 2005; and (3) aggravated stalking of Teresa Austin, occurring March 31 and April 28, 2005. The jury found Byrd guilty of felony battery as a lesser included offense in count one, not guilty of count two, and guilty of stalking as a lesser included offense in count three. On appeal, Byrd challenges the trial court's denial of his pretrial motion to sever the counts involving Tony Butler from the count involving Teresa Austin. We reverse the convictions and remand for new and separate trials.
Florida Rule of Criminal Procedure 3.151 governs consolidation of related offenses and states in subsection (a): "For purposes of these rules, 2 or more offenses are related offenses if they are triable in the same court and are based on the same act or transaction or on 2 or more connected acts or transactions." Rule 3.152(a) governs severance of offenses and provides:
(1) In case 2 or more offenses are improperly charged in a single indictment or information, the defendant shall have a right to a severance of the charges on timely motion.
(2) In case 2 or more charges of related offenses are joined in a single indictment or information, the court nevertheless shall grant a severance of charges on motion of the state or of a defendant:
(A) before trial on a showing that the severance is appropriate to promote a fair determination of the defendant's guilt or innocence of each offense; or
(B) during trial, only with defendant's consent, on a showing that the severance is necessary to achieve a fair determination of the defendant's guilt or innocence of each offense.
The supreme court explained in Crossley v. State, 596 So.2d 447, 449-50 (Fla.1992):
The justifications for the consolidation of charges are convenience and the preservation of the courts' valuable resources. However, practicality and efficiency cannot outweigh the defendant's right to a fair trial. State v. Vazquez, 419 So.2d 1088 (Fla.1982). The danger in improper consolidation lies in the fact that evidence relating to each of the crimes may have the effect of bolstering the proof of the other. While the testimony in one case standing alone may be insufficient to convince a jury of the defendant's guilt, evidence that the defendant may also have committed another crime can have the effect of tipping the scales. Therefore, the court must be careful that there is a meaningful relationship between the charges of two separate crimes before permitting them to be tried together.
In denying Byrd's motion to sever, the trial court cited to Brunner v. State, 683 So.2d 1129 (Fla. 4th DCA 1996). In Brunner, *629 the court upheld the denial of a motion to sever a charge of aggravated stalking from a charge of murder where the victim in both charges was the defendant's former wife. The court reasoned that the stalking activity, which occurred on dates prior to the murder, was causally related to the murder because the murder arose from an incident of stalking turned violent. Id. at 1131.
Here, in contrast with Brunner, the battery of Tony Butler was not causally related to the later stalking incident involving Teresa Austin, who was Byrd's former girlfriend. The stalking of Teresa Austin was based on the allegation that Byrd violated an injunction for protection approximately one month after the battery of Tony Butler had occurred. The injunction was issued after the battery of Tony Butler. The evidence in the stalking case, standing alone, may have been insufficient to convince the jury of the defendant's guilt. The evidence of the battery of Tony Butler could have had the effect of tipping the scales in the jury's consideration of the Teresa Austin stalking allegation.
Therefore, we conclude that Brunner does not control in the instant case. Because the trial court abused its discretion in denying the motion to sever, we reverse the convictions for felony battery and stalking and remand for the trial court to grant the severance.
Reversed and remanded for further proceedings.
DAVIS and WALLACE, JJ., Concur.