**STATE OF HAWAII**, Plaintiff–Appellee, v. **TONY SOUZA**, Defendant–Appellant

NO. 14547

(CR. NO. 89–1322)

JULY 24, 1991

LUM, C.J., PADGETT, HAYASHI, AND
WAKATSUKI, JJ., AND INTERMEDIATE
COURT OF APPEALS JUDGE TANAKA,*
IN PLACE OF MOON, J., RECUSED

---

*Judge Tanaka, who heard oral argument in this case, retired on June 25, 1991. HRS § 602–10 provides: "After oral argument of a case, if a vacancy arises or if for any other reason a justice is unable to continue on the case, the case may be decided or disposed of upon the concurrence of any three members of the court without filling the vacancy or the place of such justice."

OPINION OF THE COURT BY LUM, C.J.

Defendant–appellant Tony Souza appeals his conviction of Attempted Murder in the Second Degree, HRS §§ 705–500 (1985) and 707–701.5(1) (Supp. 1990). Appellant committed the offense while admittedly under the influence of a chemical substance commonly referred to as "ice" which appellant had voluntarily consumed. Appellant contends that HRS § 702–230, used by the court in its self–induced intoxication instruction to the jury, is unconstitutional because it prevents the jury from considering as a defense relevant evidence of the effect of drugs on his state of mind at the time of the crime. We disagree and affirm.

## I.

After smoking "ice," appellant, without warning, stabbed Ryan Agbayani (Ryan) in the neck with a knife. As Ryan attempted to escape, he was thrown to the ground where he was repeatedly stabbed by appellant. Ryan managed to kick the knife from appellant's hand and ran along the road towards a camping area. Appellant pursued Ryan in a car and grazed his leg as Ryan jumped into the bushes on the side of the road.

Appellant was subsequently arrested and charged with Attempted Murder in the Second Degree and Unauthorized Control of Propelled Vehicle. At the conclusion of trial, appellant sought to have Defendant's Requested Instruction No. 9 given to the jury which provided in pertinent part:

> There has been evidence of intoxication of the Defendant, TONY SOUZA, introduced at trial. Evidence of self–induced intoxication is admissible to prove or negate conduct *or state of mind* sufficient to establish an element of the offense.

(Emphasis added.)

The court, however, over appellant's objection, adopted the State's requested instruction which stated that

> [t]here has been evidence of intoxication of the Defendant, TONY SOUZA, introduced at trial. Evidence of self–induced intoxication of the defendant is admissible to prove or negative conduct or to prove state of mind sufficient to establish an element of the offense. Evidence of self–induced intoxication of Defendant is **_not admissible to negative the state of mind_** sufficient to establish an element of an offense.

(Emphasis added.) Appellant argued that the court's instruction was unconstitutional because it precluded him from being able to present an intoxication defense. The jury subsequently found appellant guilty of Attempted Murder in the Second Degree.[1] This appeal follows.

## II.

Appellant primarily contends that HRS § 702–230 and thus the court's self–induced intoxication instruction, which recites a portion of the statute, are unconstitutional. According to appellant, the instruction deprived him of his right to present a complete defense by preventing the jury from considering relevant evidence relating to his mental state at the time of the offense. We disagree.

The legislature, in amending § 702–230, clearly indicated that the purpose of the statute as amended is to prevent defendants who willingly become intoxicated and then commit crimes from using self–induced intoxication as a defense. *See* § 702–230 Supplemental Commentary (Supp. 1990). The statute, in pertinent part, specifically provides that

---

[1] Appellant was also convicted of Unauthorized Control of Propelled Vehicle, HRS § 708–836. This conviction, however, is not challenged on appeal.

[e]vidence of the nonself–induced or pathological intoxication of the defendant shall be admissible to prove or negative the conduct alleged or the state of mind sufficient to establish an element of the offense. Evidence of self–induced intoxication of the defendant is admissible to prove or negative conduct or to prove state of mind sufficient to establish an element of an offense. Evidence of self–induced intoxication of the defendant is *not admissible to negative the state of mind* sufficient to establish an element of the offense.

HRS § 702–230(2) (Supp. 1990) (emphasis added).

Contrary to appellant's assertion, the operation of § 702–230 does not deprive a defendant of the opportunity to present evidence to rebut the mens rea element of the crime. The statute merely prohibits the jury from considering self–induced intoxication to negate the defendant's state of mind. Appellant could still have attempted to convince the jury that he did not act "intentionally or knowingly" as required for Murder in the Second Degree. Moreover, the statute does not relieve the State of the burden of establishing that a defendant had the requisite mens rea.

Furthermore, we find that voluntary intoxication is a "gratuitous" defense and not a constitutionally protected defense to criminal conduct. *United States ex rel. Goddard v. Vaughn*, 614 F.2d 929, 935 (3d Cir.), *cert. denied*, 449 U.S. 844, 101 S. Ct. 127, 66 L. Ed. 2d 53 (1980); *Davis v. State*, 522 A.2d 342, 345 (Del. 1987). Voluntary intoxication does not result from a disease or defect of the mind, but rather from a state that is voluntarily self–induced. Therefore, the legislature's decision to prohibit the use of self–induced intoxication as a defense does not implicate any recognizable constitutional right.

The legislature was entitled to redefine the mens rea element of crimes and to exclude evidence of voluntary intoxication to negate state of mind.

> Redefinition of the kind and quality of mental activity that constitutes the ***mens rea*** element of crimes is a permissible part of the legislature's role in the "constantly shifting adjustment between the evolving aims of the criminal law and changing religious, moral, philosophical, and medical views of the nature of man."

***Commonwealth v. Rumsey***, 309 Pa. Super. 137, 140, 454 A.2d 1121, 1122 (1983) (citation omitted).

We conclude that our legislature is entitled to determine that the goals of Hawaii's penal code would be better achieved by prohibiting voluntary intoxication from negating a defendant's state of mind. Accordingly, we find § 702–230 constitutional. We further find no merit in appellant's other contentions raised on appeal.

Affirmed.

*Rose Anne Fletcher*, Deputy Public Defender, for Defendant–Appellant.

*James H.S. Choi*, Deputy Prosecuting Attorney, for Plaintiff–Appellee.