634 So.2d 1120 (1994)
Gregory Stephen BIAS, Appellant,
v.
STATE of Florida, Appellee.
No. 92-04235.
District Court of Appeal of Florida, Second District.
April 8, 1994.
Stevan T. Northcutt of Levine, Hirsch, Segall & Northcutt, P.A., Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Brenda S. Taylor, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
Gregory Stephen Bias challenges his conviction for first degree murder and robbery. He argues that the evidence was insufficient *1121 to sustain his conviction and that the trial court erred in excluding expert testimony linking his schizophrenia and brain damage to his defense of voluntary intoxication. He also attacks his sentence as a habitual offender. We hold that the evidence supported his conviction and affirm on that point without discussion. We find merit in Bias's argument that the trial court erred in precluding his experts' testimony pertaining to the voluntary intoxication defense. Accordingly, we reverse his conviction and remand for a new trial. Because of our reversal, the sentencing issue is moot.
The facts here are very similar to those in Easley v. State, 629 So.2d 1046 (Fla. 2d DCA 1993). At trial, Bias intended to call a forensic psychiatrist and a forensic psychologist to opine that, on the night the crimes occurred, he was too intoxicated to form the specific intent to kill or rob. Both experts relied on the fact that Bias was schizophrenic in reaching their opinions. They both stated, on proffer, that it was necessary to take an individual's underlying condition into account when forming an opinion about whether he was intoxicated after consuming a given amount of alcohol. The forensic psychiatrist noted that alcohol has a more dramatic effect on a schizophrenic or anyone who has brain damage. He believed that Bias had used alcohol for many years as self-medication. Although this practice is common among schizophrenics, the doctor stated that alcohol actually exaggerates the delusions, hallucinations and other psychotic symptoms.
The state filed motions in limine to exclude any evidence of Bias's mental defects. The state contended that "[i]n Florida there is no defense of diminished capacity. An accused must either elect the defense of insanity or stand in the shoes of a mentally competent person. Any evidence of a mental disease or defect is irrelevant." The trial court ruled that the experts could not testify about the effect that voluntary intoxication might have on someone who was a schizophrenic; the experts would have to take the defendant as if he were a "normal person." This ruling effectively excluded the testimony because both experts stated they would be unable to offer opinions unless they could take all of Bias's physical and mental characteristics into consideration.
The lower court based its ruling on Chestnut v. State, 538 So.2d 820 (Fla. 1989), which rejected the defense of diminished capacity. We have held that Chestnut and Bunney v. State, 603 So.2d 1270 (Fla. 1992), do not apply when a defendant raises a voluntary intoxication defense. Easley, 629 So.2d at 1050. For the reasons stated in Easley, we hold that the lower court's exclusion of the expert testimony here was error. We reverse and remand for a new trial.
Because of the possibility that our decisions here and in Easley may be in conflict with Chestnut, we certify the following question to the Florida Supreme Court:
WHERE A DEFENDANT WHO HAS A MENTAL DISEASE OR DEFECT RAISES THE DEFENSE OF VOLUNTARY INTOXICATION, CAN A TRIAL COURT EXCLUDE EXPERT TESTIMONY ABOUT THE COMBINED EFFECT OF THE DEFENDANT'S MENTAL DISEASE AND THE INTOXICANTS ALLEGEDLY CONSUMED ON HIS ABILITY TO FORM A SPECIFIC INTENT IF THE EXPERT CANNOT OFFER AN OPINION WITHOUT EXPLAINING THAT ONE OF THE FACTS HE RELIED UPON IN REACHING HIS OPINION WAS THE DEFENDANT'S MENTAL DISEASE?
If the answer to this question is in the affirmative, then:
IN THE SITUATION DISCUSSED ABOVE, MAY THE TRIAL COURT ALLOW AN EXPERT TO OPINE ABOUT THE EXTENT OF A DEFENDANT'S INTOXICATION AND HIS ABILITY TO FORM A SPECIFIC INTENT AS LONG AS THE EXPERT DOES NOT DISCLOSE THAT HIS OPINION IS BASED TO SOME EXTENT ON THE DEFENDANT'S MENTAL DISEASE OR DEFECT?
Reversed and remanded.
FRANK, C.J., and DANAHY, J., concur.