653 So.2d 380 (1995)
STATE of Florida, Petitioner,
v.
Gregory Stephen BIAS, Respondent.
Gregory Stephen BIAS, Petitioner,
v.
STATE of Florida, Respondent.
Nos. 83557, 83598.
Supreme Court of Florida.
March 30, 1995.
*382 Robert A. Butterworth, Atty. Gen., Robert J. Krauss, Sr. Asst. Atty. Gen., Chief of Criminal Law and Brenda S. Taylor, Asst. Atty. Gen., Tampa, for petitioner/respondent.
Stevan T. Northcutt of Levine, Hirsch, Segall & Northcutt, P.A., Tampa, for respondent/petitioner.
WELLS, Justice.
We have for review the decision of Bias v. State, 634 So.2d 1120 (Fla. 2d DCA 1994), in which the district court certified the following questions to be of great public importance:
WHERE A DEFENDANT WHO HAS A MENTAL DISEASE OR DEFECT RAISES THE DEFENSE OF VOLUNTARY INTOXICATION, CAN A TRIAL COURT EXCLUDE EXPERT TESTIMONY ABOUT THE COMBINED EFFECT OF THE DEFENDANT'S MENTAL DISEASE AND THE INTOXICANTS ALLEGEDLY CONSUMED ON HIS ABILITY TO FORM A SPECIFIC INTENT IF THE EXPERT CANNOT OFFER AN OPINION WITHOUT EXPLAINING THAT ONE OF THE FACTS HE RELIED UPON IN REACHING HIS OPINION WAS THE DEFENDANT'S MENTAL DISEASE?
If the answer to this question is in the affirmative, then:
IN THE SITUATION DISCUSSED ABOVE, MAY THE TRIAL COURT ALLOW AN EXPERT TO OPINE ABOUT THE EXTENT OF A DEFENDANT'S INTOXICATION AND HIS ABILITY TO FORM A SPECIFIC INTENT AS LONG AS THE EXPERT DOES NOT DISCLOSE THAT HIS OPINION IS BASED TO SOME EXTENT ON THE DEFENDANT'S MENTAL DISEASE OR DEFECT?
Id. at 1121. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
We answer the first question in the negative, subject to the following limitations. First, the focus of the expert's testimony must be upon the defendant's intoxication, and the mental disease or mental defect must not be the feature of the testimony. The testimony must be limited to whether a given quantity of intoxicants, combined with the mental disease or defect diagnosed in the defendant, rendered the defendant intoxicated to the level that the defendant could not form the required specific intent at the time of the crime. Second, the Court must determine that the mental disease or mental defect is a diagnosis recognized by authorities generally accepted in medicine, psychiatry, or psychology. Third, the court must determine that the offered expert opinion as to the intoxication from the combination of the given quantity of intoxicants and the mental disease or defect is based upon authorities, studies, and experience which have general acceptance in medicine, psychiatry, psychology, or toxicology.
This synthesizes our decisions in Dillbeck v. State, 643 So.2d 1027 (Fla. 1994), Bunney v. State, 603 So.2d 1270 (Fla. 1992), Chestnut v. State, 538 So.2d 820 (Fla. 1989), and Gurganus v. State, 451 So.2d 817 (Fla. 1984). We reject the decision in Easley v. State, 629 So.2d 1046 (Fla. 2d DCA 1993), and the district court's decision in this case to the extent that those opinions are inconsistent with or have found this Court's decisions in Bunney and Chestnut to be inapplicable to this issue. We continue to adhere to the rule that expert evidence of diminished capacity is inadmissible on the issue of mens rea. It is for this reason that we have set forth these limitations regarding the admissibility of evidence *383 of mental disease or defect within the defense of voluntary intoxication. We want to ensure that the defense of voluntary intoxication is not utilized as a label for what in reality is a defense based upon the doctrine of diminished capacity.
In Easley, the court found Chestnut and Bunney not applicable and determined the testimony of a psychiatrist to be admissible as relevant to the defense of voluntary intoxication:
As was explained in the proffer of Dr. Maher's testimony, the effect of alcohol on a particular individual is directly related to many factors unique to that individual. In Dr. Maher's opinion, it was the combination of Easley's use of alcohol and drugs superimposed on her long-standing depression that rendered her incapable of formulating a specific intent to kill on the night in question.
Easley, 629 So.2d at 1050. However, we find such testimony constituted evidence of the defendant's diminished capacity. The testimony was not focused on the state of the defendant's intoxication at the time the defendant committed the crimes for which the defendant was being prosecuted. The testimony did not establish that "long-standing depression" was a recognized diagnosis of a mental disease or that a given quantity of alcohol combined with the depression resulted in the defendant being intoxicated at the time of the commission of the crime.
As stated in Gurganus, it is proper for an expert to testify "as to the effect of a given quantity of intoxicants" on the mind of the accused when there is sufficient evidence in the record to show or support an inference of the consumption of intoxicants. Gurganus, 451 So.2d at 823 (quoting Cirack v. State, 201 So.2d 706, 709 (Fla. 1967)). As part of the basis for this testimony, we recognize that an expert may need to explain why a certain quantity of intoxicants causes intoxication in the defendant whereas it would not in other individuals. Without the latitude to explain the basis of the opinion the jury could be confused or misled. If the basis includes the expert's opinion that the defendant has a mental disease or defect which has a recognized diagnosis and acts in combination with the given quantity of alcohol, the entire basis for the expert's opinion should be admitted. The jury is then made fully aware of the basis of the expert's opinion, and such basis can be explored on cross-examination.
In order to determine admissibility of testimony and give effect to the decisions in both Chestnut and Gurganus, we apply a test similar to that which we have long recognized in respect to the admissibility of expert opinion and which has its roots in Frye v. United States, 293 F. 1013 (D.C. Cir.1923). See Stokes v. State, 548 So.2d 188 (Fla. 1989); Bundy v. State, 471 So.2d 9 (Fla. 1985), cert. denied, 479 U.S. 894, 107 S.Ct. 295, 93 L.Ed.2d 269 (1986). We have most recently reiterated in Ramirez v. State, 651 So.2d 1164 (Fla. 1995), that the Frye test is applicable to determine the admissibility of expert testimony under Florida law. Here, the trial court should apply a similar test and only admit expert testimony if the mental disease or defect is a diagnosis recognized by authorities generally accepted in medicine, psychiatry, or psychology. Further, the trial court should allow an opinion regarding the level of intoxication resulting from the combination of a given quantity of intoxicants and a recognized mental disease or defect if authorities, studies, and experiences which have general acceptance in medicine, psychiatry, psychology, or toxicology support the testimony that intoxicants and the mental disease or defect do combine to cause intoxication.
Because of our answer to the first certified question, the second certified question is moot, and we turn to the district court's decision in this case. Bias was indicted for robbery and premeditated murder. Bias raised the defense of voluntary intoxication. He allegedly consumed eleven beers prior to the crimes. Bias sought to have psychiatric testimony admitted that he suffered from a mental disease known as schizophrenia and that the schizophrenia combined with the eleven beers rendered him intoxicated to the level that he could not form a specific intent to commit the murder or robbery. The State objected to the testimony on the basis that Chestnut rendered any testimony as to the schizophrenia inadmissible. The trial court sustained the objection. The experts then *384 testified that they could not render an opinion without taking into consideration the schizophrenia, and thus did not testify. The district court reversed, basing its decision on Easley v. State, 629 So.2d 1046 (Fla. 2d DCA 1993).
While we have here disapproved Easley, we do approve the district court's reversal of the trial court's judgment, and we remand for a new trial in accordance with this opinion. We reach this decision because the trial judge appears to have relied completely upon Chestnut in sustaining the objection to the experts' testimony. From our reading of the experts' proffered testimony, we are uncertain as to whether the testimony would be admissible based upon the test for admissibility set forth here.
Bias cross-petitioned this Court, alleging that the evidence at trial was insufficient to support his convictions of first-degree murder and robbery, and that he was erroneously sentenced as a habitual offender. We agree with the district court that the evidence supported Bias's conviction and approve its decision on that issue. By reason of the case being remanded for a new trial, the sentencing issue is moot.
It is so ordered.
OVERTON, SHAW, HARDING and ANSTEAD, JJ., concur.
GRIMES, C.J., concurs with an opinion, in which WELLS, J., concurs.
KOGAN, J., concurs in result only.
GRIMES, Chief Justice, concurring.
I concur because of the longstanding precedent of this Court which recognizes voluntary intoxication as a defense to specific intent crimes. However, I cannot understand why a person should be exonerated of a specific intent crime simply because he drank too much. The legislature might wish to pass a statute eliminating this defense as have several other states. See, e.g., White v. State, 290 Ark. 130, 717 S.W.2d 784 (1986); Wyant v. State, 519 A.2d 649 (Del. 1986); State v. Souza, 72 Haw. 246, 813 P.2d 1384 (1991); State v. Bingman, 229 Mont. 101, 745 P.2d 342 (1987); Taylor v. State, 885 S.W.2d 154 (Tex. Crim. App. 1994).
WELLS, J., concurs.