WOLF, J.
Appellant, State of Florida, challenges a final order dismissing a delinquency petition charging appellee with felony petit theft. The issue before the court is whether the trial court erred in granting appel-lee’s motion to dismiss the delinquency petition where appellee’s two prior petit theft cases had been disposed of with with *587 held adjudications of delinquency. We find no abuse of discretion and affirm.
Appellee was arrested on a charge of petit theft for taking another woman’s purse. Appellee was 17 years old at the time of her arrest. The state filed a delinquency petition against appellee, charging her with felony petit theft for the purse snatching and alleging that appellee had “two or more prior convictions for theft including 97-2445 and 99-1488, contrary to section 812.014(3)(c), Florida Statutes.” A preliminary report on appellee prepared by the Florida Department of Juvenile Justice indicated that appellee had received withheld adjudications of delinquency for the two identified prior petit thefts. Appellee filed a motion to dismiss the delinquency charge on grounds that her two prior withheld delinquency adjudications for petit theft did not constitute the prior convictions necessary to support a charge of felony petit theft. After hearing argument from the parties, the trial court entered an order granting appellee’s motion.
Section 985.228(6), Florida Statutes (1999), clearly provides that juvenile delinquency adjudications can be treated as convictions when used in subsequent delinquency proceedings. See T.S.W. v. State, 489 So.2d 1146, 1147 (Fla. 2d DCA 1986) (construing statute to allow for use of prior juvenile delinquency adjudications for petit theft to be used to enhance the classification of a subsequent juvenile petit theft offense); R.D.D. v. State, 493 So.2d 534 (Fla. 5th DCA 1986) (same). This statute does not address whether a withheld delinquency adjudication can be treated as a conviction in a subsequent juvenile proceeding.
When the legislature has intended to include a withhold of adjudication within the definition of a prior conviction, it has done so in explicit terms. See § 784.03(2), Fla. Stat. (1999) (“For purposes of this subsection, ‘conviction’ means a determination of guilt that is the result of a plea or a trial, regardless of whether adjudication is withheld.”). Legislative intent in this regard may also be determined from a particular statutory scheme which clearly contemplates that “the term ‘conviction’ ... include both adjudications and withheld adjudications.” Raulerson v. State, 763 So.2d 285, 290 (Fla.2000) (holding that the term “conviction” as used in section 322.34(1), Florida Statutes, contemplates both adjudications and withheld adjudications). In the instant case, there is no express statutory language or statutory framework which indicates that a withheld delinquency adjudication can be considered a conviction for purposes of charging the juvenile in subsequent delinquency proceedings with felony petit theft. We therefore affirm.
JOANOS and BENTON, JJ., concur.