STRINGER, Judge.
J.E.A. challenges a final disposition order entered for a felony battery charge. Because Florida’s juvenile delinquency statute does not expressly authorize the use of prior withheld delinquency adjudications to enhance the level of criminal offenses, we reverse and remand for a final disposition hearing on misdemeanor battery.
Section 784.03(2), Florida Statutes (2000), provides that “[a] person who has *852 two prior convictions for battery who commits a third or subsequent battery commits a felony of the third degree.”[1] (Emphasis supplied). Based on his history of four prior batteries, J.E.A. was charged with third-degree felony battery in violation of section 784.03(2). On appeal he argues that the lower court erred in enhancing the offense to a felony based on prior battery cases in which delinquency adjudications were withheld. We agree.
Section 985.228(6), Florida Statutes (2000), provides that except as used in chapter 322 (drivers’ licenses) and except for use in a subsequent juvenile proceeding, an adjudication of delinquency shall not be deemed a “conviction.” While this section expressly provides that a delinquency adjudication may be used as a “conviction” in subsequent juvenile proceedings, it is silent concerning the use of a disposition resulting in a withheld adjudication for this purpose. State v. T.T., 773 So.2d 586 (Fla. 1st DCA 2000) (affirming the dismissal of a delinquency petition which charged a child with felony petit theft based on two prior withheld adjudications and finding no statutory authority for enhancing the offense). J.E.A. was adjudicated delinquent in only one of the four prior battery cases. In the absence of express language indicating that a withheld adjudication may be used as a conviction, this battery should not have been enhanced to a third-degree felony.
Reversed and remanded for further proceedings.
BLUE, C.J., and FULMER, J., Concur.

. Section 784.03(2), Florida Statutes (2000), was amended effective July 1, 2001, to require only one prior battery conviction in order to enhance the offense to felony battery. Ch. 01-50, § 4, at 320, Laws of Fla. The battery in this case was committed on March 17, 2001, four months prior to the effective date of the amendment.