PER CURIAM.
Maximo N. Valladares appeals his convictions for first degree murder, attempted first degree murder, and armed burglary. We affirm.
The trial court correctly excluded the testimony of the defense witness, Dr. Alexander Roy. The trial court correctly ruled that the proposed testimony amounted to a defense of diminished capacity, which is not recognized in Florida. See State v. Bias, 653 So.2d 380, 382-83 (Fla.1995); Chestnut v. State, 538 So.2d 820, 824 (Fla.1989).
Defendant-appellant Valladares argues that once the court decided to exclude Dr. Roy testimony, the court should have granted a mistrial because the defense case had been prepared on the premise that Dr. Roy would testify. The trial court carefully considered the motion for mistrial and correctly concluded that, to the *568 extent the defense may have proceeded differently had it known that Dr. Roy’s testimony would be excluded, the defendant was not harmed thereby. Under the circumstances of this case, the denial of the motion for mistrial was within the court’s discretion. See Chamberlain v. State, 881 So.2d 1087, 1098 (Fla.2004); Smithers v. State, 826 So.2d 916, 930 (Fla.2002).
The defendant complains of a discovery violation by the State. The trial court ruled in the defendant’s favor on this point and granted an appropriate remedy. See Cohen v. State, 581 So.2d 926, 928 (Fla. 3d DCA 1991). As an appropriate remedy was ordered, there is no reversible error.
The trial court correctly denied the motion for judgment of acquittal with regard to the charge of attempted first degree murder of Lazaro Valladares. Viewing the evidence in the required light, the evidence was legally sufficient. See Pagan v. State, 830 So.2d 792, 803 (Fla.2002).
Affirmed.