922 So.2d 458 (2006)
W.J.H., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-1270.
District Court of Appeal of Florida, Fourth District.
March 15, 2006.
*459 Carey Haughwout, Public Defender, and Alan T. Lipson, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
The trial court found W.J.H. guilty of felony battery, withheld adjudication, and sentenced the child to probation. The issue here is whether a withhold of adjudication entered in juvenile delinquency proceedings initiated under chapter 985, Florida Statutes, may provide the predicate prior battery "conviction" necessary to sustain a conviction for felony battery, pursuant to section 784.03(2), Florida Statutes, in subsequent delinquency proceedings. The trial court determined the prior withhold of adjudication was a "conviction" for such purposes and found the minor child guilty of the offense of felony battery. Having reviewed this issue of statutory construction de novo, we disagree and reverse. See, e.g., State v. J.C., 916 So.2d 847, 849 (Fla. 2d DCA 2005).
Section 784.03(2), Florida Statutes (2004), makes the commission of a battery, which is ordinarily a first degree misdemeanor, see section 784.03(1)(b), a third degree felony if the defendant "has one prior conviction for battery, aggravated battery, or felony battery." The battery statute defines the term "conviction" as "a determination of guilt that is the result of a plea or a trial, regardless of whether adjudication is withheld or a plea of nolo contendere is entered." § 784.03(2), Fla. Stat. To elevate W.J.H.'s offense to the crime of felony battery, the State relied upon a prior delinquency proceeding, wherein W.J.H. pled guilty to the crime of battery and adjudication was withheld.
Despite the battery statute's definition of "conviction," W.J.H. insisted, because adjudication was withheld in his prior delinquency case, it could not provide the predicate "conviction" necessary to elevate the present crime to felony battery. In support of this position, W.J.H. relied upon section 985.228(6), Florida Statutes, and J.E.A. v. State, 842 So.2d 851 (Fla. 2d DCA 2002). Section 985.228 authorizes an adjudication of delinquency to be treated as a "conviction" for purposes of delinquency proceedings brought under chapter 985. See § 985.228(6), Fla. Stat. ("Except as the term `conviction' is used in chapter 322 [drivers' licenses], and except for use in a subsequent proceeding under this chapter, an adjudication of delinquency. . . shall not be deemed a conviction.. . ."). The statute does not, however, state a withheld adjudication may be treated as a "conviction" in subsequent delinquency proceedings. In J.E.A., under facts identical to those before this court concerning the interplay of the felony battery statute and the provisions in the juvenile statute, the Second District held section 985.228's silence on the treatment to be afforded a withhold of adjudication prevented the same from being treated as a "conviction." See 842 So.2d at 852. Although the State has argued to the contrary, we believe J.E.A. was correctly decided. Further, the trial court erred in failing to apply the squarely on-point holding in J.E.A., even though the case law came from a different district. See Pardo v. State, 596 So.2d 665, 666-67 (Fla.1992).
Accordingly, we hold, as the court did in J.E.A., that a withheld adjudication for simple battery in juvenile court may not be used as a predicate offense to elevate misdemeanor battery to felony battery. We therefore reverse the felony battery disposition in this case and remand with instructions that the trial court enter a *460 new disposition order for the crime of simple battery.
STEVENSON, C.J., GUNTHER and FARMER, JJ., concur.