**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-20-0000749**
**09-JUN-2022**
**08:01 AM**
**Dkt. 42 SO**

NO. CAAP-20-0000749

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
PRZEMYSLAW D. MANIECKI, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1DCW-19-0002710)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and Nakasone, JJ.)

Defendant-Appellant Przemyslaw D. Maniecki (**Maniecki**) appeals from the January 30, 2020 Judgment and Notice of Entry of Judgment,[1] and the October 12, 2020 Notice of Entry of Judgment and/or Order,[2] both filed by the District Court of the First Circuit, Honolulu Division (**District Court**). Maniecki was convicted of Criminal Property Damage in the Fourth Degree, in violation of Hawaii Revised Statutes (**HRS**) § 708-823(1).[3]

On appeal, Maniecki contends there was insufficient evidence to convict him.

---

[1]  The Honorable William M. Domingo presided over the January 30, 2020 trial.

[2]  The Honorable Summer Kupau-Odo presided over a post-trial hearing not relevant to this appeal.

[3]  HRS § 708-823 (2014) states:

**§708-823  Criminal property damage in the fourth degree**

(1)  A person commits the offense of criminal property damage in the fourth degree if by means other than fire, the person intentionally or knowingly damages the property of another without the other's consent.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Maniecki's point of error as follows, and affirm.

Maniecki contends the Plaintiff-Appellee State of Hawaiʻi (**State**) failed to prove he acted intentionally or knowingly, failed to adduce "that the owner of the property did not consent to the damaged windshield," and his conduct was accidental, or at most reckless, because he was intoxicated at the time of the incident.

When the evidence adduced at trial is considered in the strongest light for the prosecution, State v. Matavale, 115 Hawaiʻi 149, 157-58, 166 P.3d 322, 330-31 (2007), there was substantial evidence to convict Maniecki of Criminal Property Damage in the Fourth Degree.

There are three elements to Criminal Property Damage in the Fourth Degree:  (1) the defendant damaged the property of another; (2) the defendant did so without the other's consent; and (3) that the defendant did so intentionally.  State v. Pone, 78 Hawaiʻi 262, 266, 892 P.2d 455, 459 (1995).

> "Property of another" means property which any person, other than the defendant, has possession of or any other interest in, even though that possession or interest is unlawful; however, a security interest is not an interest in property, even if title is in the secured party pursuant to the security agreement.

HRS § 708-800 (2014).

Saifoloi Saifoloi (**Saifoloi**) testified that on August 22, 2019, around 3:37 p.m., he was driving a bus heading up Kalihi Street.  After Maniecki, who was the only passenger, told him he was headed to town, Saifoloi informed Maniecki that he could "exit here" and cross the street and there was another bus coming that would take him into town.  Maniecki then got up and "[a]s he was exiting, he started swearing for no apparent reason."  Maniecki exited the bus and flung his backpack at the front windshield, cracking it.  Maniecki told him "F you" while leaving the bus.  Saifoloi then stopped the bus and contacted central control.  Maniecki left the scene, and then police

arrived and took reports regarding the incident.  Saifoloi testified Maniecki was intoxicated and could barely standup and walk on the bus.

The District Court found Saifoloi's testimony credible. "It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact." State v. Mattiello, 90 Hawaiʻi 255, 259, 978 P.2d 693, 697 (1999) (internal quotation marks, citations, and brackets omitted; block quote format changed).  Thus, there was substantial evidence Maniecki damaged the windshield of the bus that Saifoloi was driving.  Maniecki damaged the "property of another," because Saifoloi had possession of the bus while driving it.  HRS § 708-800.

There was substantial evidence Maniecki intended to damage a windshield when he flung his backpack at it.  Intent may be shown by circumstantial evidence and reasonable inferences arising from the circumstances surrounding Maniecki's conduct. See State v. Stocker, 90 Hawaiʻi 85, 92, 976 P.2d 399, 406 (1999) (citations omitted).  Maniecki testified that he got on the wrong bus and exited from the front door with his backpack.  Saifoloi stated that Maniecki started swearing at Saifoloi after being informed he could exit and a different bus would take him to town, Maniecki stated "F you" as he exited, and he flung his backpack at the windshield.

Maniecki claims there was insufficient evidence as to lack of consent to damage the windshield because the record did not establish the owner of the bus did not consent.  The State was not required to prove the "owner" of the property did not consent to damage of the bus.

> "Owner" means person, other than the defendant, who
> has possession of or any other interest in, the
> property involved, even though that possession or
> interest is unlawful; however, a secured party is not
> an owner in relation to a defendant who is a debtor
> with respect to property in which the secured party
> has only a security interest.

HRS § 708-800.  HRS § 708-823(1) requires damage be done "without the other's consent."  "Other's consent" is in reference to the "property of another," not an "owner."  As noted above, the "property of another" element in this case was satisfied by Saifoloi's possession of the bus.  Thus, the State was required to prove Saifoloi did not consent to damage of the windshield.

"[L]ack of consent to the violent destruction of a person's property may be proved circumstantially on the basis of logical and reasonable inferences drawn from the evidence adduced and common human experience."  <u>Pone</u>, 78 Hawaiʻi at 274, 892 P.2d at 467 (citations and italics omitted).  Saifoloi testified he stopped the bus and called central control, after which the police arrived and took reports about the incident.  Viewed in the light most favorable to the prosecution, the circumstantial evidence and common human experience support a logical and reasonable inference that Saifoloi summoned the police to report the incident because he did not consent to damage of the windshield.  <u>See</u> <u>id.</u>; <u>Matavale</u>, 115 Hawaiʻi at 157-58, 166 P.3d at 330-31.

On appeal, Maniecki argues that "[i]t is irrelevant whether Maniecki was intoxicated or reeked of alcohol," but then cites <u>State v. Souza</u>, 72 Haw. 246, 813 P.2d 1384 (1991) to claim "[a]ssuming *arguendo* that Maniecki was intoxicated, a reasonable inference that Maniecki acted with an intentional or knowing state of mind cannot be drawn.  Saifoloi stated that that [sic] Maniecki could 'barely stand and walk' because he was 'pretty intoxicated.'"

"Evidence of self-induced intoxication of the defendant is not admissible to negative the state of mind sufficient to establish an element of the offense."  HRS § 702-230(2);[4] <u>Souza</u>,

---

[4]    HRS § 702-230 (2014) states in part:

**§702-230  Intoxication**

(1)  Self-induced intoxication is prohibited as a defense to any offense, except as specifically provided in this section.

(2)  Evidence of the nonself-induced or pathological

(continued...)

72 Haw. at 249, 813 P.2d at 1386.  Maniecki is precluded from arguing that self-induced intoxication may be considered by the trier of fact to demonstrate he did not act with the requisite state of mind.

As discussed above, there was substantial evidence Maniecki caused damage to the windshield when he flung his backpack at it, and that he intentionally caused the damage.

For the foregoing reasons, the January 30, 2020 Judgment and Notice of Entry of Judgment, and the October 12, 2020 Notice of Entry of Judgment and/or Order, both filed by the District Court of the First Circuit, Honolulu Division, are affirmed.

DATED:  Honolulu, Hawaiʻi, June 9, 2022.

On the briefs:

Taryn R. Tomasa
for Defendant-Appellant

Loren J. Thomas
Deputy Prosecuting Attorney
for Plaintiff-Appellee

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge

---

[4](...continued)
intoxication of the defendant shall be admissible to prove or negative the conduct alleged or the state of mind sufficient to establish an element of the offense.  Evidence of self-induced intoxication of the defendant is admissible to prove or negative conduct or to prove state of mind sufficient to establish an element of an offense.  Evidence of self-induced intoxication of the defendant is not admissible to negative the state of mind sufficient to establish an element of the offense.